**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 13-2621

---

SECRETARY OF LABOR, United Sates Department of Labor,
Petitioner

v.

ALTOR INC., and/or AVCON INC., and/or VASILIOS SAITES, individually, and NICHOLAS SAITES, individually,
Respondents

---

On Application for Judgment of Civil Contempt
(Agency No. OSHRC 99-0958)

---

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 13-2622

---

SECRETARY OF LABOR, United States Department of Labor,
Petitioner

v.

AVCON INC., VASILIOS SAITES; NICHOLAS SAITES,
Respondents

---

On Application for Judgment of Civil Contempt
(Agency Nos. OSHRC 98-0755 and 98-1168)

Argued April 26, 2019

Before: SMITH, *Chief Judge*, CHAGARES and SCIRICA, *Circuit Judges*

(Opinion filed: July 25, 2019)

Micole Allekotte
Darren Cohen
Daniel Hennefeld
United States Department of Labor
Office of the Solicitor
201 Varick Street
Room 983
New York, NY 10014

Ronald J. Gottlieb **[ARGUED]**
Heather R. Phillips
John R. Shortall
United States Department of Labor
Office of the Solicitor
S-4004
200 Constitution Avenue, N.W.
Washington, DC 20210
*Counsel for Petitioner*

Kevin J. O'Connor
Paul A. Sandars, III **[ARGUED]**
Lum Drasco & Positan
103 Eisenhower Parkway
Suite 401
Roseland, NJ 07068
*Counsel for Respondent*

OPINION[*]

---

SMITH, *Chief Judge*

The Secretary of Labor has filed two related petitions for judgments of civil contempt against Altor, Inc. ("Altor"); Avcon, Inc. ("Avcon"); the companies' president and director, Vasilios Saites; and his son, Nicholas Saites (together, the "Respondents"). We referred the Secretary's petitions to a special master who has prepared a Report and Recommendation ("R&R"). For the following reasons, we will: (1) overrule the Respondents' objections to the R&R; (2) approve and adopt the R&R; and (3) grant in part and deny in part the Secretary's petitions.

I.

This matter arises from penalties imposed against Avcon and Altor for workplace safety violations under the Occupational Safety and Health Act (the "OSH" Act). Specifically, in April 2011, following administrative proceedings, the Occupational Safety and Health Review Commission (the "Commission") ordered: (1) Avcon to pay $77,350 in penalties; and (2) Avcon and Altor to pay $412,000 in penalties.[1] It is undisputed that the corporations did not pay the penalties.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Avcon and Altor petitioned this Court for review of the Commission's latter order. We denied the petition. *Altor, Inc. v. Sec'y of Labor*, 498 F. App'x 145, 149-50 (3d Cir. 2012) (not precedential).

Accordingly, the Secretary petitioned this Court to summarily enforce the Commission's orders.[2] We granted the Secretary's petitions, ordering: (1) Avcon, its officers and directors, successors and assigns, to pay the $77,350 penalty within ten calendar days, *see* C.A. No. 11-4078 (order entered Oct. 4, 2012); and (2) Avcon, Altor, Vasilios Saites, Nicholas Saites, and their successors to pay the $412,000 penalty within same, *see* C.A. No. 11-4077 (order entered Nov. 15, 2012).[3] It is undisputed that the Respondents did not comply with these Decrees.

The Secretary then commenced these contempt proceedings.[4] In response to the Secretary's petitions, the Respondents asserted that they were unable to comply with our Decrees because: (1) the corporate entity Avcon had dissolved; and (2) Altor did not have sufficient assets.

We appointed United States Magistrate Judge Michael A. Hammer to serve as a special master. Following discovery, Judge Hammer issued an R&R recommending that

---

[2] The OSH Act provides that the Secretary may obtain summary enforcement of any final order issued by the Commission by filing a petition in the appropriate court of appeals. 29 U.S.C. § 660(b). As relevant to this case, the Act further provides that the Secretary may later seek to enforce a court of appeals' decree in a contempt proceeding. *Id.*

[3] The Respondents petitioned the panel for rehearing of its November 15, 2012 Decree, arguing that the Court had wrongfully interpreted the Commission's underlying order as imposing "personal and individual" liability on Vasilios and Nicholas Saites. We denied the Respondents' petition and reissued our November 15, 2012 Decree. *See* C.A. No. 11-4077 (order entered January 15, 2013).

[4] The Secretary's contempt petitions relating to our October 4, and November 15, 2012 Decrees were docketed at C.A. Nos. 13-2622 and 13-2621, respectively.

we grant the Secretary's request that this Court hold Altor and Vasilios Saites in contempt for failing to comply with our November 15, 2012 Decree. He further recommended that we provide specific directives to these respondents to ensure that they satisfy their debt to the Commission to the extent that they are financially able. With respect to Avcon and Nicholas Saites, however, Judge Hammer recommended that the Court decline to hold them in contempt.

The Respondents submitted objections to the R&R. The Secretary submitted a response to those objections and the Respondents submitted a reply.

II.

We have jurisdiction over the Secretary's contempt petitions pursuant to 29 U.S.C. § 660(b). Civil contempt "is remedial, and for the benefit of the complainant." *Int'l Union, United Mineworkers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (quotation marks omitted). "Civil contempt sanctions are designed either to compensate the injured party or to coerce the defendant into complying with the court's order." *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990). In order to establish that a party is liable for civil contempt, the moving party must prove three "elements: "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (quotation marks omitted). These "elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with

contempt." *John T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quotation marks omitted).

An alleged contemnor may defend against a contempt petition by coming forward with evidence showing that it is unable to comply with the order in question. *United States v. Rylander*, 460 U.S. 752, 757 (1983). The alleged contemnor must "introduce evidence beyond a mere assertion of inability, and [] show that it has made in good faith all reasonable efforts to comply." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1324 (3d Cir. 1995) (quotation marks omitted).

We may appoint a special master to oversee discovery and "recommend factual findings and disposition in matters ancillary to proceedings in the court." *See* Fed. R. App. P. 48(a). The parties in this case dispute whether we should review the special master's findings of fact de novo or for clear error. We need not resolve this dispute because, for the reasons discussed below, we would uphold the special master's factual findings under either standard of review.[5]

III.

Magistrate Judge Hammer concluded that the Secretary has met his burden of establishing a case for civil contempt—that valid court orders existed, that the

[5] In *NLRB v. Local 825*, we applied the clear error standard of review contained in Federal Rule of Civil Procedure 53 to the special master's findings of fact. 659 F.2d 379, 383 (3d Cir. 1981). Rule 53 has since been revised and now generally requires de novo review of objections to factual findings. We have not yet had occasion to address whether the amendment to Rule 53 impacts the applicable standard of review under the

Respondents had knowledge of the orders, and that the Respondents disobeyed the orders.[6] *See Marshak*, 595 F.3d at 485. According to Respondents, however, they cannot be held in contempt because the corporate entities did not have the "financial wherewithal to pay the penalties in question." (Br. of Resp. in Opposition to the Secretary's Contempt Petitions at 11 (filed July 24, 2015)).

A. Avcon's Inability to Comply with the Court's October 4, and November 15, 2012 Decrees

The Secretary seeks to hold Avcon in contempt for its failure to comply with the Court's October 4, and November 15, 2012 Decrees. The Secretary recognizes that Avcon dissolved in 2010, but argues that it nonetheless must comply with the Decrees because the company did not take adequate measures to secure its liabilities before its dissolution. The Secretary also argues that Avcon's "successor" corporation, Avcrete, Inc., should be liable for Avcon's obligations.

Magistrate Judge Hammer rejected both of the Secretary's arguments and recommended that we accept Avcon's inability defense. The Secretary does not object to Judge Hammer's recommendation in this regard, and we independently discern no error

---

circumstances here.

[6] The Respondents initially argued that the Secretary had failed to establish a prima facie case of contempt because, in Respondents' view, their inability to comply with the Decrees meant that they had not "disobeyed" them. In his R&R, however, Magistrate Judge Hammer viewed the Respondents' inability argument as a defense under *Rylander*. Respondents do not object.

in his analysis. Therefore, we will deny the Secretary's petitions to the extent they seek to hold Avcon in contempt of our October 4, and November 15, 2012 Decrees.

B. Altor's Inability to Comply with the Court's November 15, 2012 Decree

The Secretary also asks us to hold Altor in contempt for its failure to comply with the November 15, 2012 Decree. The Secretary contends that, contrary to the Respondents' representation, the company has the financial means to satisfy the judgment.

After reviewing the evidence, Magistrate Judge Hammer concluded that the Respondents had failed to demonstrate that Altor was unable to pay anything toward the amount it owed to the Commission. In reaching this conclusion, Judge Hammer relied on Altor's bank records from October 2012 through March 2014, which reflect that the company ended each month with a positive bank balance. Based on these balances, Judge Hammer found that Altor could have made "at least relatively modest" payments against the amount owed. (R&R at 27.) Judge Hammer thought it significant that Altor never "even attempted to negotiate a reduced sum or payment plan with the Secretary." (R&R at 22.) For these reasons, he recommended that we hold Altor in contempt.

The Respondents have raised several objections to Magistrate Judge Hammer's analysis of Altor's financial health during the relevant period. They argue that: (1) Judge Hammer treated the tax returns of Avcon and Altor inconsistently by relying on Avcon's negative taxable income to conclude that it could *not* pay the Decrees, while essentially

ignoring the fact that Altor's tax return for the year ending June 30, 2013, reflects a negative taxable income in concluding that it *could*; (2) Judge Hammer placed too much weight on Altor's bank account balances without recognizing its monthly operating expenses; (3) Judge Hammer mischaracterized the extent to which Altor used corporate funds to pay certain family members' medical expenses; (4) there is no legal authority establishing that OSH Act penalties must be accorded priority over legitimate operating expenses; and (5) Altor was "insolvent" when we issued our November 15, 2012 Decree, and insolvency provides an absolute defense to the contempt petition.[7]

These arguments are beside the point. Magistrate Judge Hammer rejected Altor's inability defense because its bank account statements showed positive monthly balances during the relevant period. Based on these balances, Judge Hammer concluded that Altor had at least some money left at the end of each month to pay toward the Decree. It is thus irrelevant that Altor reported negative taxable income in June 2013, that it met some definition of "insolvent" at that time, or that it was paying various monthly expenses necessary to maintain its business. *See SEC v. Musella*, 818 F. Supp. 600, 602 (S.D.N.Y.

---

[7] The Respondents also argue that money judgments like the one at issue here are not enforceable by contempt, but are more appropriately enforced via a writ of execution under Rule 69(a) of the Federal Rules of Civil Procedure. (Obj. of Resp. p. 17 (citing *Cohen v. Bd. of Trustees of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1467 (3d Cir. 1989) (distinguishing generally between district court actions in equity, which can be enforceable via contempt, and actions at law for the recovery of money, which should be enforced by writ of execution under Rule 69(a))).) As the Secretary correctly notes, however, the Rules of Civil Procedure are not applicable here, and the OSH Act expressly states that the Secretary may seek contempt when an employer fails to comply

1993) (explaining that if an alleged contemnor is not "absolutely unable to comply" with a court order due to poverty or insolvency, the contemnor "must pay what he or she can"). Accordingly, we will overrule these objections.

### C. Whether To Hold Vasilios and Nicholas Saites in Contempt

The Secretary next argues that in addition to the corporate entities, Vasilios and Nicholas Saites must be held in contempt because they are responsible for the corporations' failure to comply. The Secretary further argues that, in any event, we explicitly named Vasilios and Nicholas in our November 15, 2012 Decree directing the Respondents to pay the $412,000 penalty.

Magistrate Judge Hammer agreed with the Secretary that Vasilios, the sole director and officer of Altor, should be held in contempt for failing to ensure Altor's compliance with the Decree.[8] According to Judge Hammer, "[t]hat Altor has failed to make a single payment against the Decree in more than four years is his responsibility as much as Altor's." (R&R at 36.) With respect to Nicholas Saites, however, Judge Hammer found that there was no evidence that Nicholas had the position or capacity, from November 2012 forward, to direct the affairs of Altor. Therefore, Judge Hammer recommended that we decline to hold Nicholas in contempt.

---

with a court of appeals' decree enforcing an OSH Act judgment. *See* 29 U.S.C. § 660(b).

[8] Because Judge Hammer had already recommended that we decline to hold Avcon in contempt, he considered only whether the individual respondents should be responsible for Altor's failure to comply with our November 15, 2012 Decree. Because we agree with Judge Hammer that Avcon should not be held in contempt, we adopt this approach

The Respondents raise several objections to Judge Hammer's recommendation that we hold Vasilios in contempt. First, Respondents argue that we cannot hold Vasilios in contempt because there is no evidence that he intentionally dissipated corporate assets to avoid payment. We previously have explained, however, that "an alleged contemnor's behavior need not be willful in order to contravene the applicable decree." *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010); *see also Harley–Davidson, Inc. v. Morris*, 19 F.3d 142, 149 (3d Cir. 1994) (stating that good faith is not necessarily a defense to contempt). Rather, in order to hold Vasilios in contempt, the Secretary need only show that he was aware of our November 15, 2012 Decree and disobeyed it. *See Marshak*, 595 F.3d at 485. Accordingly, we will overrule this objection.

Respondents next argue that Magistrate Judge Hammer's analysis is inconsistent with respect to whether Vasilios Saites can be made to pay the penalty imposed against Altor. According to Respondents, although Judge Hammer ultimately concluded that Vasilios should be made to pay Altor's penalty, he stated earlier in his R&R that he had "construed the Decrees to apply to Vasilios Saites and Nicholas Saites in their capacities as officers or employees of Avcon and Altor, not to have required them individually to satisfy the Decrees from personal assets." (R&R at 6 n.4.)

We do not see any inconsistency in Judge Hammer's analysis. We, like Judge Hammer, read our Decree as naming the Saiteses only as officers or employees of Avcon

---

as well.

and Altor. It is well established that when a corporate officer fails to act on behalf of the corporation to comply with a court order, the officer too may be held in contempt. *See, e.g.*, *Wilson v. United States*, 221 U.S. 361, 376 (1911) ("If [corporate officers] fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."); *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000) (recognizing that corporate officers—even if they were not named in the court's original payment order—may be held in contempt for failing to comply with that order); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 675-76 (3d Cir. 1999) (noting that a corporate officer could be held in contempt for failing to take actions within his power to comply with a court order). Therefore, we will overrule this objection.

In a related argument, the Respondents object to Magistrate Judge Hammer's recommendation that we order Vasilios to be sanctioned in the amount of $412,000; they contend that Judge Hammer's "automatic imposition of liability for Altor's entire penalty upon [Vasilios] Saites is not supported by the record or any legal analysis." (Obj. of Resp. p. 27.) We disagree. Because one of the purposes of civil contempt is to compensate the petitioner for his loss, we are permitted to fashion a contempt sanction in an amount equivalent to the amount of the underlying judgment.[9] *See Elec. Workers*

[9] To be clear, the contempt sanction against Vasilios applies only insofar as Altor does

*Pension Tr. Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383 n.13 (6th Cir. 2003). To the extent Respondents argue that the recommended sanction is excessive under the facts of this case, we agree with Judge Hammer that the sanction fairly holds Vasilios Saites accountable for "[his] failure, for more than four years, to make even a nominal effort to satisfy the November 15, 2012 Decree." (R&R at 39.) In any event, as set forth in a separate order that follows, if Vasilios Saites's current financial circumstances preclude him from paying the total amount, he will have an opportunity to demonstrate why he cannot do so.

Lastly, the Secretary does not object to Magistrate Judge Hammer's recommendation that we decline to hold Nicholas Saites in contempt. We agree with Judge Hammer's recommendation and will deny the Secretary's petitions to the extent they seek to hold Nicholas in contempt of our October 4, and November 15, 2012 Decrees.

IV.

For the foregoing reasons, we will: (1) overrule the Respondents' objections to the R&R; (2) approve and adopt Magistrate Judge Hammer's findings of fact and conclusions of law in the R&R; (3) grant the Secretary's petition at C.A. No. 13-2621 as

---

not pay the entirety of the $412,000 penalty. In other words, each dollar that Altor pays towards satisfaction of the underlying Decree subtracts a dollar from the contempt sanction against Vasilios. Likewise, any dollar that Vasilios pays in satisfaction of the contempt sanction against him subtracts a dollar from the amount owed by Altor to satisfy the Decree.

to Altor, Inc. and Vasilios Saites and deny it as to Avcon, Inc. and Nicholas Saites; and (4) deny the Secretary's petition at C.A. No. 13-2622.